### BURHANS v. JEFFERSON et al.

(Circuit Court of Appeals, Eighth Circuit. September 21, 1896.)

#### No. 809.

1. PARTNERSHIP—SUIT AT LAW.

A partner cannot maintain an action at law against one or more of his copartners to recover his share of the profit in a single partnership venture, the remaining transactions of the firm remaining unsettled, unless the particular venture, by express agreement of the partners, has been segregated from other partnership ventures, and taken out of the general partnership account.

2. INJUNCTION AGAINST SUIT—GROUNDS—LEGAL DEFENSES.

An agreement by which one became a partner with another in certain real-estate speculations, they agreeing that the money advanced, expended, and received in the course of such transactions should be carried into a single continuous account, may be shown as a defense in suits at law by one of such parties against the other for a share of the profits received on one particular transaction, and hence is not ground for an injunction against such suits.

3. SAME.

A person who has in his possession money and property in which he and others are jointly interested may plead, in defense to a suit at law

brought by the other beneficiaries to recover a distributive share thereof, that, under the agreement by which the money and property came into his hands, he is entitled to hold it until his lien for advances, or for liabilities incurred on the credit of the fund, has been discharged.

Appeal from the Circuit Court of the United States for the District of Minnesota.

John B. Sanborn, for appellant.

W. P. Warner and Owen Morris, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is an appeal from an order granting an interlocutory injunction, staying the prosecution of two suits at law, which suits were brought by Ira W. Burhans, the present appellant, against Rufus C. Jefferson, one of the appellees. The bill of complaint on which the injunction was obtained alleged substantially the following facts: That Rufus C. Jefferson and James Kasson, the appellees, composed the firm of Jefferson & Kasson, and were engaged in the real-estate business at St. Paul, Minn.; that Ira W. Burhans, the appellant, was a lawyer by profession and also a dealer in real estate, residing at Superior, Wis.; that some time prior to September 15, 1886, said firm of Jefferson & Kasson entered into an agreement with said Ira W. Burhans for the purpose of becoming engaged in the business of buying and selling real estate from time to time on joint account; that the understanding or agreement between them was that all the ventures in which they might thereafter become engaged should be carried into one continuous account to be kept between said Ira W. Burhans and said firm of Jefferson & Kasson, so that said firm would at all times be protected for such advances as they might make in purchasing real estate for the joint account, by offsetting the losses sustained on unprofitable purchases against the gains realized in profitable ventures. The bill averred, in substance, that, in pursuance of such general understanding or agreement, 11 purchases of land were subsequently made by the defendant Burhans, on joint account, between September 15, 1886, and July 2, 1890; that the firm of Jefferson & Kasson made certain advances to effectuate such purchases; and that much of the land so bought had afterwards been sold and disposed of, but that some of the land was unsold, and was still held on joint account. The bill disclosed in detail the terms upon which the several purchases of land had been made, the interest therein owned by the respective parties, the amount of money that had been advanced by Jefferson & Kasson to make the several purchases, and the result of the several deals, in so far as they had been closed out and settled. It appears from the allegations of the complaint that the profits realized on one of the deals amounted to over $38,000, and that, under the agreement by virtue of which the land that figured in that transaction had been bought, the defendant Burhans was entitled to 30 per cent. of the profit. It was furthermore averred in the bill, in substance, that acting under the general agreement aforesaid, in pursuance of which all the purchases had been made, the firm of Jefferson & Kasson had advanced on ac-

count of the various deals money to the amount of $19,635.32, no part of which had been refunded to the firm, and that for said sum so advanced the said firm had an equitable or partnership lien upon all the property that remained in the hands of said firm unsold, and upon the undivided proceeds of such land as had been sold; that said Jefferson & Kasson were solvent and responsible, while the defendant Ira W. Burhans was in embarrassed circumstances; that notwithstanding the facts aforesaid the defendant Burhans had brought two suits at law against the complainant Rufus C. Jefferson alone, in one of which suits he demanded a judgment for $8,952.07, and in the other a judgment for $16,545, the same being sums which he claimed to be due to him on account of two of the aforesaid real-estate transactions that had realized a profit. There were some other allegations in the bill of a similar character to those already mentioned, which tended to show that the relation of partners existed between the parties in all of the 11 ventures in which they had been engaged; that the property remaining in the complainants' hands, as well as the money in their possession that had been realized from the sale of land. were partnership assets and funds, and were subject to a lien in favor of the complainants for such sum as might be found due to them on a final settlement of all of the various deals in which they had been jointly engaged. In view of the premises the bill prayed for an accounting, for the appointment of a receiver, and for an injunction staying the prosecution of the two suits at law that had been brought against the complainant Rufus C. Jefferson. To the foregoing bill the defendant filed an answer, which was duly verified under oath, wherein he denied that he had ever entered into an agreement with the firm of Jefferson & Kasson to become engaged with them in the purchase of real estate on joint account, in the manner alleged in the bill of complaint. He averred, on the contrary, that in all of the various transactions referred to in the bill he had simply dealt with one of the complainants, Rufus C. Jefferson, as an individual, and not with the firm of Jefferson & Kasson. He denied that all or any of the various deals referred to in the bill of complaint were entered into under an arrangement that they should be conducted and wound up in one continuous account, so as to create a lien in favor of the firm of Jefferson & Kasson on the general balance of the account for all advances, and so as to protect said firm against possible losses in any of the transactions, in the manner stated in the bill. The defendant further denied that any such agreement as that alleged by the complainants had ever been made with either of them. On the contrary, he averred that every real-estate deal in which he had become interested with either of the complainants had been entered into originally, and thereafter conducted as a distinct and independent transaction, under an agreement determining the rights and interests of the respective parties therein, which was made at or about the time that the particular transaction was entered into or undertaken. The defendant further alleged, in substance, that in the course of two of the real-estate speculations mentioned in the bill of complaint, in which he had become interested with the complainant Rufus C. Jefferson, the latter had become legally indebted to him in a large sum

of money, and that for the sums so due to him in the respective transactions he had brought two actions at law against said Rufus C. Jefferson in the circuit court of the United States for the district of Minnesota, that the defendant had filed an answer to the complaint in each of said suits, and that the same were pending and undetermined. The application for an injunction staying the prosecution of said suits was heard on the bill and answer, and certain affidavits and exhibits. The circuit court declined to appoint a receiver, but it granted an injunction, as prayed for, staying the prosecution of the suits at law.

It is obvious, we think, from an inspection of the bill, that if 'the facts therein stated are true the complainant below, Rufus C. Jefferson, has a good and sufficient legal defense to both of the suits at law which are now pending against him, and that the facts pleaded in the bill do not warrant an appeal to a court of chancery to stay the prosecution of those suits on the ground that the defendant therein has an equitable defense to the actions, which he will be precluded from making if they are allowed to proceed to trial. It admits of no doubt, we think, that if an agreement was entered into, prior to any of the transactions described in the bill, whereby Ira W. Burhans, the appellant, became a partner with the firm of Jefferson & Kasson in all of the real-estate speculations thereafter undertaken, and whereby he agreed that the moneys advanced, expended, and received in the course of such transactions should be carried into a single, continuous account between the parties, to be thereafter kept and adjusted as one account, then the existence of such agreement can be shown in the suits at law; and, if established, it will constitute a complete defense to such suits, and prevent the recovery of a judgment therein. We furthermore think that even if the alleged agreement did not create a partnership, in the full sense of that term, but simply had the effect of giving the firm of Jefferson & Kasson an equitable lien on all the property or proceeds thereof that was acquired in the several transactions, to secure the said firm and the individual members thereof for all advances made or liabilities incurred in the course of such transactions, then such fact can be shown in the suits at law, and if established it will likewise defeat a recovery in such suits. A partner cannot maintain an action at law against one or more of his co-partners to recover his share of the profit in a single partnership venture, the remaining transactions of the firm remaining unsettled, unless the particular venture, by express agreement of the partners, has been segregated from other partnership ventures, and taken out of the general partnership account. Moreover, where one person has in his possession money and property in which himself and others are jointly interested, he cannot be compelled, in an action at law, to pay over a distributive share to one of the beneficiaries, provided he holds the money and property under an arrangement or agreement whereby it is subject in his hands to a lien for moneys that have been advanced, or for liabilities that have been incurred, on the credit of the fund. In such cases it is always competent for the holder of the fund to plead, in defense to a suit at law brought to recover a distributive share thereof, that, under the agree-

ment by which the money or property came into his hands, he is entitled to hold it until his lien for advances or for liabilities incurred on the credit of the fund has been discharged. A plea of that nature constitutes a legal defense to a suit at law, in that it shows that nothing is presently due or payable to the person demanding payment. In whatever light the agreement described in the bill of complaint may be regarded, the bill clearly shows that the complainants below had a good and sufficient legal defense to both of the suits at law, whether said agreement created a partnership between the parties, covering all the real-estate transactions in which they had been engaged, or whether it fell short of creating a partnership, and merely entitled the appellees to hold all the property and the proceeds thereof then in their hands until the moneys advanced by them in the course of all the deals had been refunded, and until the liabilities incurred by them, or either of them, in disposing of the property had been satisfied and discharged.

It is furthermore apparent, from an inspection of the bill and the answer thereto, that the fundamental controversy between the parties arises over the question whether, prior to engaging in any of the so-termed real-estate deals, the appellant did enter into the general agreement alleged in the bill, whereby all the real-estate transactions were to be made part and parcel of one continuous account, or whether, as the appellant strenuously contends, each one of the 11 deals was a distinct and independent transaction, which was entered into under a separate agreement, and conducted as an independent venture. All of the rights which the appellees assert and seek to enforce by their bill, depend ultimately on their contention that an agreement was made at the very outset such as is described in the complaint, while the right which the appellant has already exercised, to sue at law for the sums due to him that were realized in the course of two of the transactions, depends upon his making good his plea that those were independent transactions, in no wise related to other ventures which preceded or followed them. Inasmuch, then, as the fundamental issue last mentioned is one that can be tried and determined at law as well as in equity, and inasmuch as the decision of that question by a jury in favor of the appellees will prevent the recovery of a judgment in either of the suits at law, we perceive no just or reasonable ground upon which a court of equity can interpose at this time to prevent the trial of that issue in a court of law. The suits at law were brought by Ira W. Burhans some months before the present proceeding in equity was instituted, and were being prosecuted with due diligence, and with apparent good faith. No steps had been taken by the appellees prior to the commencement of those suits to dissolve the alleged partnership, and to obtain a settlement of the alleged joint account. The issue involved, as to whether such an agreement or understanding as is described in the bill of complaint was made before entering into any of the alleged deals, is a simple one, which can be tried as well at law as in equity, and there is much force in the suggestion that the appellant has a constitutional right to have that issue determined by a jury. Besides, the record discloses the fact that the title to all the land acquired by the several

purchases, that has not been sold, is now vested in one or the other of the appellees, and that they also hold the proceeds of all such property as has been sold in closing out the various deals.    No harm, therefore, can result to the appellees by leaving the fundamental issue touching the existence of the alleged agreement to be settled by a jury.    The circuit court recognized this fact by refusing to appoint a receiver as prayed for in the bill, and we think that it should also have declined to enjoin the further prosecution of the actions at law. · We have thus far treated both of the suits at law, the further prosecution of which has been enjoined, as if they were suits of precisely the same character brought to recover the appellant's portion of moneys realized by Rufus C. Jefferson in the respective real-estate deals to which the suits respectively relate.    We have so treated them heretofore as suits of the same character, because they are so treated and described in the bill of complaint.    Other parts of the record disclose, however, that one of the suits at law—the one in which a judgment is demanded against Rufus C. Jefferson for the sum of $8,952.07—is founded upon the breach of an express covenant made by the said Jefferson on the final settlement of one of the deals in which he and the appellant had been engaged, to the effect that he, the said Jefferson, would satisfy certain mortgages on certain lots of land, which, in the settlement of the deal, had been set apart and conveyed to the said Jefferson as his individual property.    It would seem, therefore, that in any aspect of the case the complainants below were not entitled to an injunction restraining the prosecution of the last-mentioned suit, because the sum of money sued for in that case was not an item of the partnership account, but was a sum which Rufus C. Jefferson had expressly agreed to pay on the final settlement of one of the deals, without reference to the outcome of the other transactions.    The result is that the order granting an injunction must be, and it is hereby, reversed, and the injunction is hereby dissolved. The case will be remanded to the circuit court for further proceedings not inconsistent with this opinion.